# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JUAN CARLOS ALMONTE,**

    **Plaintiff,**

vs.                                    Case No. 4:19cv174-RH/CAS

**NEW YORK STATE,**
**CORRECTIONAL GUARD BALMER,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint to this Court on April 22, 2019. ECF No. 1. Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion. To proceed with his claims, Plaintiff must do one or the other.

Notwithstanding that deficiency, a cursory review of Plaintiff's complaint has been made as required by 28 U.S.C. § 1915A(a). Plaintiff states that he is incarcerated in Chemung County in the state of New York. ECF No. 1 at 2. All Defendants listed in the complaint are located there and Plaintiff states that the events giving rise to his claims occurred in

Southport Correctional Facility, which appears to be in Pine City, New York. *Id.* at 4. Judicial notice is taken that Pine City is in Chemung County, which is within the Western District of New York. 28 U.S.C. § 112(d). Because the events at issue in this case and all Defendants are located in the Western District of New York, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 112(d) is in the United States District Court for the Western District of New York, Rochester Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The Court may also raise the issue of defective venue *sua sponte*. <u>Lipofsky v. New York State Workers Comp. Bd.</u>, 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.")

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this

Case No. 4:19cv174-RH/CAS

action to the United States District Court for the Western District of New York, Rochester Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 26, 2019.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv174-RH/CAS